UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-22132-LEIBOWITZ

**RAZIEL OFER,**

    *Appellant*,

v.

**MARK S. ROHER**

    *Appellee.*

_____/

## ORDER

**THIS CAUSE** came before the Court on Appellant, Raziel Ofer's Motion for Leave to Appeal Interlocutory Orders ("Motion") [ECF No. 1], filed on June 2, 2024. This case arose out of Appellant's voluntary filing of Chapter 11 Bankruptcy. *See In re 942 Penn RR, LLC*, No. 22-bk-14038, [ECF No. 1] filed May 23, 2022 (S.D. Fla. 2024). Appellant seeks leave to appeal the Bankruptcy Court's May 30, 2024 Order Denying Motion for Reinstatement of Appeal ("Order Denying Reinstatement"), and the May 24, 2024 Order Denying Motion to Hold Roher in Contempt ("Order Denying Contempt"). *In re 942 Penn RR, LLC*, No. 22-bk-14038, [ECF Nos. 1465, 1442]. For the following reasons, Appellant's Motion is DENIED.

**I.     LEGAL STANDARDS**

Federal district courts have jurisdiction to hear certain appeals from bankruptcy court decisions. *See* 28 U.S.C. § 158(a). These include "final judgments, orders, and decrees[,]" *id.* § 158(a)(1) (alteration added); and "with leave of the court, . . . other interlocutory orders and decrees." *Id.* § 158(a)(3). A district court's determination of its own appellate jurisdiction over a bankruptcy court order involves a two-step inquiry. *See In re Ashoka Enters., Inc.*, 156 B.R. 343, 344–45 (S.D. Fla. 1993). First, the district court must resolve whether the bankruptcy court order is a final order, appealable as

of right. *See id.* at 345. Second, if the order is not final, the district court must then decide whether the order is an appealable interlocutory order. *See id.*

"Because 28 U.S.C. § 158(a) does not provide the district court any criteria for determining whether to exercise their [sic] discretionary authority to grant leave to appeal, the courts look to 28 U.S.C. § 1292(b) which governs discretionary interlocutory appeals from district courts to the court of appeals." *Laurent v. Herkert*, 196 F. App'x 771, 772 (11th Cir. 2006) (per curiam) (alterations adopted; other alterations added; quotation marks and citation omitted). Under Section 1292(b), leave to appeal should be granted where the underlying order involves "[(1)] a controlling question of law; [(2)] over which there is a substantial ground for difference of opinion among courts; and [(3)] the immediate resolution of the issue would materially advance the ultimate termination of the litigation[.]" *Id.* (alterations added; citation omitted). "Because interlocutory appeals are disfavored in the Eleventh Circuit, Appellant is required to establish that their [sic] appeal meets all three elements." *CCP SP Hotel, LLC v. Heritage Hoel Associates, LLC*, No. 20-cv-2085, 2021 WL 229532, at *3 (M.D. Fla. Jan. 22, 2021). Even if all three elements are established, this Court still has discretion to deny leave to appeal, and "leave should be granted only in exceptional circumstances." *In re Demasi*, No. 8:14-cv-2228-T-33, 2015 WL 773393, at *3 (M.D. Fla. Feb. 24, 2015).

## II.     FIRST STEP – NOT FINAL ORDERS

Appellant does not satisfy the appeal standard because he fails the two-step inquiry for appellate review. The Appellant fails the first step of the inquiry because both Orders are nonfinal, as originally asserted by the Appellant in his Motion. [ECF No. 1]. Arguments raised for the first time in a responsive pleading are not considered by the Court. *Hutchinson v. Sec'y, Florida Dep't of Corr.*, No. 19-cv-21104, 2022 U.S. Dist. LEXIS 58522, *10 (S.D. Fla. Mar. 30, 2022) (the Court declined to consider newly raised arguments in the plaintiff's response to motion to dismiss). "When a plaintiff raises new arguments for the first time during the course of litigation in response to a motion to

dismiss, such arguments are improper, and the [c]ourt must disregard them." *Id.* at 9 (citing *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011)).

Appellant acknowledged in his Motion that "the two (2) orders for which leave is sought are nonfinal orders." [ECF No. 1]. Appellant subsequently asserted in his Response to Roher's Third Motion to Dismiss Appeal ("Response") that "the orders on review do NOT constitute interlocutory orders, but are, in fact, post confirmation orders which are final in nature." [ECF No. 12]. Because Appellant's latter argument was raised for the first time in his Response, such assertion is improper, and this Court must disregard it. Therefore, as acknowledged by Appellant in his Motion, both Orders are nonfinal. [*See* ECF No. 1 ¶ 3]. Both Orders thus fail the first step of the inquiry.

## III.   SECOND STEP – NOT A "CONTROLLING QUESTION OF LAW"

Now this Court turns to the second step—whether the Orders are appealable interlocutory orders. As stated previously, an interlocutory order must satisfy three elements for leave to appeal to be granted under 28 U.S.C. § 158(a). The order must involve "[(1)] a controlling question of law; [(2)] over which there is a substantial ground for difference of opinion among courts; and [(3)] the immediate resolution of the issue would materially advance the ultimate termination of the litigation[.]" *Laurent*, 196 F. App'x at 772. To meet the first prong, Appellant must show the Order presents a "controlling question of law," which is a question about "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *McFarlin v. Conosco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). If the issue is really a controlling question of law, a court should not need "to study the record" and will be able to "quickly and cleanly" decide the issue. *Id.* (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)); *see also Colony Lender, LLC v. Breakpointe, LLC*, No. 8:15-cv-993-T-30, 2015 WL 3689075, at *2 (M.D. Fla. June 12, 2015). Further, to satisfy this standard, the issue "'must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the

same area of law.'" *Ibrahim v. FINR III, LLC*, 8:15-cv-1093-T-17, 2016 WL 409630, at *2 (M.D. Fla. Feb. 3, 2016) (quoting *McFarlin*, 381 F.3d at 1260). Each Order will be considered in turn.

### A. Order Denying Contempt

The Order Denying Contempt does not involve a "controlling question of law." *See In re Yehud-Monosson USA, Inc.*, 472 B.R. 868, 882–83 (D. Minn. 2012) (finding that the bankruptcy court's finding of contempt related to a question of fact—the turnover, or lack thereof, of materials pursuant to a turnover order). Here, the Bankruptcy Court did not make a finding of contempt because the Appellant's contempt allegations were irrelevant to the matters before the court and because the court did not exercise its discretion to impose sanctions. *See In re 942 Penn RR, LLC*, No. 22-bk-14038, [ECF No. 1442]. These are not issues posed at a "high enough level of abstraction" that go beyond the factual record below; a controlling question of law is therefore not involved. *In re Demasi*, 2015 WL 773393, at *3. Because the Order Denying Contempt does not involve a controlling question of law, it is not an appealable interlocutory order over which this Court has appellate jurisdiction.

### B. Order Denying Reinstatement

The Order Denying Reinstatement also does not involve a "controlling question of law." The standard of review for denial of a motion for reinstatement of an appeal is abuse of discretion, and courts have found that issues reviewed under an abuse-of-discretion standard do not involve a controlling question of law. *See De Galofre v. US Bank Nat'l Ass'n*, No. 18-cv-60511, 2018 WL 9458260, at *3 (S.D. Fla. Oct. 1, 2018) ("[T]he Court reviews the Bankruptcy Court's decision to deny reinstatement of Appellant's case under an abuse of discretion standard."); *see Ahmadzai v. Stohlman & Rogers, Inc.*, No. 15-cv-00989, 2016 WL 881132, at *5 (E.D. Cal. Mar. 8, 2016) (in case involving entry of default, "the issue of whether the Bankruptcy Court judge abused his discretion [] is necessarily a mixed question of law and fact."). This is because issues reviewed under an abuse-of-discretion standard require a court to review the factual record to determine whether the lower court "[did] not

apply the correct law or [rested] its decision on a clearly erroneous finding of material fact." *Robledo v. Bautista*, No. 19-cv-05349, 2022 WL 2788825, at *2 (D. Ariz. July 15, 2022).

To determine whether the Bankruptcy Court abused its discretion in the Order Denying Reinstatement, this Court must pour over the factual record to determine whether the Bankruptcy Court applied the correct law or rested its decision on a clearly erroneous finding of material fact. As this is an issue that requires this Court to review the factual record, a "controlling question of law" is not involved. Because the Order Denying Reinstatement does not involve a controlling question of law, it is not an appealable interlocutory order over which this Court has appellate jurisdiction.

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion for Leave to Appeal Interlocutory Orders [**ECF No. 1**] is **DENIED**. All pending motions are denied as moot. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on September 11, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   Raziel Ofer, *pro se*
      counsel of record

5